**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**In re:**

**TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,**

Case No.: 3:09-bk-07047-JAF
Chapter 11

   **Debtor.**
_____/

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND LONDON MARKET INSURANCE COMPANIES THAT SUBSCRIBE TO CERTIFICATE NOS. B0621PTAY00208, B0621PTAY00308, SUA 2896, B0621PTAY00207001, SUA 11239, B0621PTAY00408, SUA 11024, SUA 2664, P009560600, SUA 10837, SUA 2445, SUA 2387, P009560500, P009560501, SUA 10660, SUA 2251 and/or P00956004,**

Case No. 3:10-ap-00243-JAF
Adversary Proceeding

   **Plaintiffs,**

         **and**

**UNITED STATES FIRE INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, GREAT AMERICAN INSURANCE GROUP, and U.S. SPECIALTY INSURANCE COMPANY,**

   **Intervenor Plaintiffs**

**vs.**

**TAYLOR BEAN & WHITAKER MORTGAGE CORPORATION, FEDERAL HOME LOAN MORTGAGE CORPORATION and SOVEREIGN BANK,**

   **Defendants.**
_____/

**FREDDIE MAC'S MOTION TO AMEND THE ORDERS AND JUDGMENTS DISMISSING TBW'S COUNTERCLAIMS (D.I.#815, 816, 817, and 818).**

Federal Home Loan Mortgage Corporation, in Conservatorship ("Freddie Mac"), pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), as made applicable by Federal Rules of Bankruptcy Procedure 9023 and 9024, respectfully submits this Motion to Amend the Orders and Judgments Dismissing TBW's[1] Counterclaims ("Motion"), which were entered by this Court on February 19 and 24, 2015.

**PRELIMINARY STATEMENT**

By this Motion, Freddie Mac does not seek to alter the substantive rulings made by this Court in dismissing TBW's counterclaims under Insuring Clause 1. Instead, Freddie Mac merely seeks to amend the Orders and Judgments[2] to clarify that only TBW's claims under Insuring Clause 1 are dismissed, and not TBW's claims for Freddie Mac's losses under Insuring Clauses 6 and 9 for which Freddie Mac is the loss payee under the Bonds.[3]

As set forth in TBW's counterclaims and its proofs of loss, TBW has asserted claims under the Bonds both on behalf of itself under Insuring Clause 1 and on behalf of Freddie Mac as the loss payee under Insuring Clauses 6 and 9. The claims asserted on behalf of Freddie Mac seek to recover losses suffered by Freddie Mac due to 1) theft of Freddie Mac's custodial account funds by Lee Farkas, acting alone or in collusion with others (Insuring Clause 6); and 2)

---

[1] "TBW" refers to Taylor, Bean & Whitaker Mortgage Corp.

[2] D.I.#815, Adv. Proc. No. 3:10-ap-00243; ("Order Granting Underwriters' Motion for Summary Judgment"); D.I.#817, Adv. Proc. No. 3:10-ap-00243 ("Order Granting Excess Insurers' Motion for Summary Judgment") (collectively, the "Orders"); D.I.#816, Adv. Proc. No. 3:10-ap-00243 ("Judgment Dismissing Counts I-II of TBW's Counterclaim"); D.I.#818, Adv. Proc. No. 3:10-ap-00243 ("Judgment Dismissing Counts II-VI of TBW's Counterclaim") (collectively, the "Judgments").

[3] "Bonds" refers to the Mortgage Bankers Bond bearing Certificate No. B0621PTAY00308; the Excess Mortgage Bankers Bond bearing Certificate No. B0621PTAY00208; Follow Form Excess Crime Insurance Policy with Policy No. 626-032010-7; Excess Follow Form Bond with Policy No. 01-137-53-21; Financial Institution Excess Follow Form Certificate with Bond No. FS 585-86-59-02; and Follow Form Excess Bond with Bond No. U709-45052.

errors or omissions by TBW in failing to obtain or maintain mortgage insurance on mortgage loans sold to Freddie Mac (Insuring Clause 9).

Insurers' Motions for Summary Judgment expressly stated that they sought only to dismiss TBW's claims "arising under Insuring Clause 1[.]"[4] Likewise, the arguments raised by Underwriters, Excess Insurers, TBW, and Sovereign Bank in the briefing on the Motions only address TBW's claim under Insuring Clause 1.[5] None of the parties addressed, nor made any mention of, the counterclaims brought by TBW on behalf of Freddie Mac under Insuring Clauses 6 and 9. Consistent with this, the Court's Orders granting the Insurers' Motions for Summary Judgment only discuss and make findings concerning TBW's Insuring Clause 1 claim. However, the Orders and Judgments appear to have inadvertently dismissed Counts I-VI of TBW's Counterclaim *in toto*, apparently including the Insuring Clause 6 and 9 claims that TBW has asserted on behalf of Freddie Mac.

As the Court knows, Freddie Mac is seeking to reform the Primary Bond[6] to include the Freddie Mac Endorsement, which would provide Freddie Mac with the right to make direct claims against the Insurers under the Bonds for its Insuring Clause 6 and 9 losses. In a prior order,[7] the Court found that there are disputed issues of fact concerning Freddie Mac's reformation claim that require resolution by the trier of fact. As a result, it remains uncertain if Freddie Mac will be able to assert its own claims directly, and therefore Freddie Mac is relying on TBW's unconditional right to assert the claims on its behalf.

---

[4] Underwriters Motion for Summary Judgment at p. 6; *see also* Excess Insurers Motion for Summary Judgment at p. 6 (defining the claim that Excess Insurers are seeking to dismiss as TBW's claim "predicated on Insuring Clause 1 in the 2008 Primary Bond.").

[5] D.I.#627, 629, 648, 655. 659, 667, 676, and 771, Adv. Proc. No. 3:10-ap-00243.

[6] "Primary Bond" refers to the Mortgage Bankers Bond bearing Certificate No. B0621PTAY00308 (the "Primary Bond").

[7] D.I.#616, Adv. Proc. No. 3:10-ap-00243.

Accordingly, Freddie Mac respectfully requests that the Court amend the Orders and Judgments to clarify that the Court dismissed only TBW's claims under Insuring Clause 1 and not TBW's claims for Freddie Mac's losses under Insuring Clauses 6 and 9.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure allow for reconsideration of orders or judgments in certain circumstances" pursuant to Rules 59(e) and 60(b). *Pac. Coast Marine Windshields Ltd. v. Malibu Boats,* No: 6:12-cv-33*, LLC*, 2014 U.S. Dist. LEXIS 129611, at *13-14 (M.D. Fla. Sept. 14, 2014) (citing Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b)). Under Rule 59(e), made applicable to this proceeding by Federal Bankruptcy Rule 9023, "[t]here are three grounds which justify the filing of a motion for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." *Smith v. Royal Caribbean Cruises, Ltd.*, No. 13-20697, 2014 U.S. Dist. LEXIS 170994, at *1-4 (S.D. Fla. Dec. 10, 2014) (internal citations and quotations omitted).

A similar standard exists under Rule 60(b), made applicable by Federal Bankruptcy Rule 9024, which allows relief "from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, or vacated or that would no longer be equitable to apply; or (6) any other reason that justifies relief." *Lopez v. First Horizon Home Loan Corp.*, No. 14-12395, 2015 U.S. App. LEXIS 442, at *5-6 (11th Cir. Jan. 12, 2015) (quoting Fed. R. Civ. P. 60(b)).

**ARGUMENT**

Freddie Mac's Motion meets the standards set forth by both Rule 59(e) and Rule 60(b). Specifically, it appears that the Court inadvertently dismissed TBW's Counterclaims on behalf of Freddie Mac, which if left uncorrected would result in "manifest injustice" to Freddie Mac.

As discussed above, TBW has asserted claims on behalf of Freddie Mac for Freddie Mac's losses under Insuring Clauses 6 and 9. TBW is bringing these claims as the Assured[8] under the Bonds for the benefit of Freddie Mac as a Loss Payee[9] under the Bonds. In its prior orders, the Court found that Loss Payees may not bring direct claims and instead their claims must be brought by the Assured.[10]

TBW has asserted claims on behalf of Freddie Mac for coverage under Insuring Clauses 6 and 9 at all times prior to and during this litigation. In its Preliminary Proof of Loss, TBW asserted claims for losses under Insuring Clause 6 "for the direct financial loss sustained by Freddie Mac and others as the direct result of Theft (as that term is defined in the Bonds) by Lee B. Farkas, the majority shareholder of TBW[.]"[11] TBW also asserted claims for Freddie Mac's losses under Insuring Clause 9.[12] TBW reiterated these claims for Freddie Mac's losses in its Confidential Sworn Proof of Loss dated July 27, 2010.[13] TBW then advanced claims for Freddie Mac's losses in its counterclaims in this action, asserting breach of contract claims against

---

[8]   Primary Bond at p. 19.

[9]   Primary Bond at p. 44.

[10]   D.I.#175, Adv. Proc. No. 3:10-ap-00243 at p. 10; D.I.#796, Adv. Proc. No. 3:10-ap-00243 at p. 7.

[11]   TBW's Preliminary Proof of Loss at p. 16.

[12]   TBW's Preliminary Proof of Loss at p. 17; *see also* Depo. Tr. of Jeffrey Cavender at p. 139:12-140:25.

[13]   TBW's Confidential Sworn Proof of Loss at pp. 4-6 ("TBW asserts that the following acts give rise to losses covered by Insuring Clauses 1, 5, 6, and 9, among others, under the Bonds.").

Insurers for "failing to pay TBW all sums due . . . for the Covered Losses,"[14] which expressly included the losses suffered by Freddie Mac under Insuring Clauses 6 and 9.[15]

Understanding that TBW was asserting claims both on behalf of itself under Insuring Clause 1 and Freddie Mac under Insuring Clauses 6 and 9, Insurers only moved for summary judgment on TBW's Counterclaim under Insuring Clause 1. Underwriters' Motion for Summary Judgment states that "TBW cannot, as a matter of law, establish a loss covered under Insuring Clause 1 of the 2008 Bonds," and asks the Court "to grant them summary judgment on TBW's Counterclaim *arising under Insuring Clause 1* with prejudice."[16]  Similarly, Excess Insurers' Motion for Summary Judgment defined the TBW "Claim" that it was seeking to dismiss as "predicated on Insuring Clause 1 in the 2008 Primary Bond."[17]  Moreover, the briefs of the parties on the Motions concern only TBW's losses under Insuring Clause 1 and never mention TBW's claims on behalf of Freddie Mac under Insuring Clauses 6 and 9.

Consistent with Insurers' Motions for Summary Judgment, the Orders concern only TBW's claim for its own losses under Insuring Clause 1.[18]  The Orders do not discuss or reference TBW's Counterclaims on behalf of Freddie Mac under Insuring Clauses 6 and 9.

Nevertheless, the Judgments, by their express terms, appear to relate to TBW's Counterclaims in their entirety and not just to TBW's Insuring Clause 1 claims.  Since the parties never addressed, let alone mentioned, claims under Insuring Clauses 6 and 9, dismissal of those

---

[14]     TBW's Counterclaim at p. 13.

[15]     TBW's Counterclaim at p. 10 ("TBW has suffered losses as a result of those transactions and occurrences more particularly described in TBW's Verified Confidential Sworn Proof of Loss which give rise to coverage under the 2008 Bonds, including Insuring Clauses 1, 5, 6, 9 and 11 (the 'Covered Losses')").

[16]     Underwriters' Motion for Summary Judgment at pp. 3, 6 (emphasis added).

[17]     Excess Insurers Motion for Summary Judgment at p. 6 (defining the claim Excess Insurers are moving for summary judgment on as "predicated on Insuring Clause 1 in the 2008 Primary Bond.").

[18]     Order at p. 2.

claims appears to have been inadvertent and, under these circumstances, allowing the Judgments to stand without amendment would result in manifest injustice to Freddie Mac. *Slizyk v. Smilack (In re Slizyk)*, No. 6:06-cv-1896, 2007 U.S. Dist. LEXIS 60856 (M.D. Fla. Aug. 20, 2007) ("Where reconsideration is sought due to manifest injustice, the moving party prevails if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'") (quoting *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (Fed. Cl. Aug. 9, 2007). In the case at bar, the dismissal of TBW's Counterclaims in their entirety would have the effect of extinguishing TBW's claims relating to Freddie Mac's losses under Insuring Clauses 6 and 9 without any briefing on the merits by the parties or discussion by the Court. Such a result would be indisputably and manifestly unjust to Freddie Mac.

## CONCLUSION

For the reasons set forth above, Freddie Mac respectfully requests that the Court amend its Orders and Judgments to clarify that they only grant Insurers' Motion for Summary Judgment on TBW's Counterclaim under Insuring Clause 1, and do not dismiss TBW's Counterclaims on behalf of Freddie Mac under Insuring Clauses 6 and 9.

Dated: March 4, 2015

    Respectfully submitted,

    /s/ *Kyle A. Lonergan*
    Kyle Lonergan
    Paul Moak
    McKool Smith, P.C.
    One Bryant Park, 47th Floor
    New York, New York 10036
    Telephone:  (212) 402-9425
    Facsimile:  (212) 402-9444
    e-mail: klonergan@mckoolsmith.com

    and

    Gary R. Soles
    Florida Bar No.: 0616149
    Jason Ward Johnson
    Florida Bar No.: 0186538
    Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
    450 South Orange Avenue, Suite 800
    Orlando, Florida 32803
    Telephone: (407) 843-4600
    Facsimile: (407) 843-4444
    e-mail: jason.johnson@lowndes-law.com

    and

    George Kielman
    Managing Associate General Counsel
    Scott L. Walker
    Associate General Counsel
    Federal Home Loan Mortgage Corporation
    8200 Jones Branch Drive - MS 202
    McLean, Virginia  22102
    Telephone: (703) 903-2640
    Facsimile: (703) 903-3691

    **Attorneys for Federal Home Loan Mortgage Corporation**

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 4th day of March, 2015, the foregoing MOTION TO AMEND THE ORDERS AND JUDGMENTS DISMISSING TBW'S COUNTERCLAIMS (D.I.#815, 816, 817, and 818) was served via the Court's ECF/Electronic Filing System.

                                          /s/ *James H. Smith*
                                             James H. Smith