UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

**TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,**    Case No.: 3:09-bk-07047-JAF

Chapter 11

**Debtor.**
_____/

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND LONDON MARKET INSURANCE COMPANIES THAT SUBSCRIBE TO CERTIFICATE NOS. B0621PTAY00208, B0621PTAY00308, SUA 2896, B0621PTAY00207001, SUA 11239, B0621PTAY00408, SUA 11024, SUA 2664, P009560600, SUA 10837, SUA 2445, SUA 2387, P009560500, P009569501, SUA 10660, SUA 2251, and/or P00956004,**

    Plaintiffs,    Case No. 3:10-ap-00243-JAF

Adversary Proceeding

vs.

**TAYLOR BEAN & WHITAKER MORTGAGE CORPORATION, FEDERAL HOME LOAN MORTGAGE CORPORATION, GOVERNMENT NATIONAL MORTGAGE ASSOCIATION and SOVEREIGN BANK,**

**Defendants.**
_____/

**UNDERWRITERS' RESPONSE IN OPPOSITION
TO FREDDIE MAC'S MOTION TO AMEND ORDERS AND JUDGMENTS
<u>DISMISSING TBW'S COUNTERCLAIM (DKT. 826 & 827)</u>**

Certain Underwriters at Lloyd's, London and London Market Insurance Companies that Subscribe to Certificate Nos. B0621PTAY00208, B0621PTAY00308, SUA 2896, B0621PTAY00207001, SUA 11239, B0621PTAY00408, SUA 11024, SUA 2664, P009560600, SUA 10837, SUA 2445, SUA 2387, P009560500, P009560501, SUA 10660, SUA 2251, and/or P00956004 ("Underwriters") submit the following response in opposition to Freddie Mac's Motion to Amend the Orders and Judgments Dismissing TBW's Counterclaim (Dkt. 826) and TBW's joinder therein. (Dkt. 827).

**ARGUMENT**

After TBW's frauds were uncovered, TBW submitted a claim under its Mortgage Bankers Bond and Excess Mortgage Bankers Bond ("Bonds"), claiming that it may have suffered a loss covered under Insuring Clauses 1, 5, 6, 7, 9, 11 and 12. (Exhibit 1, Proof of Loss). TBW thereafter filed a Counterclaim against Underwriters alleging potential losses under Insuring Clauses 1, 5, 6, 9 and 11. (Dkt. 218). Despite its Counterclaim, TBW could not document its alleged claims under Insuring Clauses 5, 6, 9 and 11. TBW could only document loss due to Farkas' alleged thefts.

Given this concession, Underwriters moved for summary judgment on TBW's Counterclaim,[1] explaining why the only claim TBW could allegedly document was not covered. (Dkt. 629). Underwriters' motion sought summary judgment on TBW's counterclaim: Underwriters "…move for summary judgment on Taylor, Bean & Whitaker Mortgage Corporation's ("TBW") Counterclaim." (Dkt. 628, pg. 3). While that motion focused on Insuring

---

[1] Freddie Mac suggests incorrectly that TBW's claims are divisible. TBW, however, filed a single count against the Primary Bond and a single count against the First Excess Bond. (Dkt. 218). Underwriters moved for summary judgment against those counts.

Agreement 1[2] (because TBW admitted that it could only document a claim thereunder), Underwriters did not limit the requested relief to summary judgment on a particular theory of recovery. They sought summary judgment on the entire counterclaim and asked the Court to enter summary judgment on that counterclaim and dismiss it with prejudice:

> Underwriters respectfully request that this Court enter an Order granting their Motion for Summary Judgment on Defendant TBW's Counterclaim and dismissing the Counterclaim with prejudice.

(Dkt. 628, pg. 40).

TBW, as the party asserting the claims, had the burden to demonstrate a covered loss. Yet, neither TBW nor Freddie Mac disputed that TBW could not document its alleged claims under Insuring Clauses 5, 6, 9 and 11, or suggested that there was a genuine dispute about such claims. Freddie Mac conceded Underwriters' motion (failing to file a timely response) and TBW agreed that it intended to prosecute its claim only under Insuring Clause 1. This Court confirmed TBW's failure to document its alternative claims:

> TBW fails to raise an argument that the Motion should be denied on the basis that there are other occurrences that caused TBW's recoverable losses. Thus, the Court finds that TBW abandoned this argument for the purposes of the Motion.

(Dkt. 815, pg. 12-13).[3]

The Court's decision is consistent with Eleventh Circuit precedent, which recognizes that arguments not raised in response to a summary judgment motion are abandoned. *Crenshaw v. Lister*, 556 F.3d 1283, 1291 n.3 (11th Cir. 2009). That principle applies to alternative theories of

---

[2] Freddie Mac wrongly suggests that Underwriters only moved for summary judgment on Insuring Clause 1. This suggestion, based upon a single line from Underwriters' 40 page brief (Dkt. 628, pg. 6), ignores the remainder of the brief and prayer for relief. It does so because Underwriters made clear – in the opening paragraph and prayer for relief – that they sought summary judgment on the entire counterclaim and dismissal of that claim with prejudice. (Dkt. 628, pgs. 3, 40).

[3] Freddie Mac wrongly suggests that Underwriters "understood" that TBW sought coverage under Insuring Clause 1 and that it sought coverage under Insuring Clause 6 and 9. Underwriters have, from the outset of this case, disputed Freddie Mac's right to pursue a claim and continue to do so. Freddie Mac has been aware of that position and the impact of that position on its right to pursue a direct claim. It cannot now, in light of that knowledge, complain about the granting of a motion it chose not to contest.

liability. The failure to raise an alternative theory of liability constitutes a waiver of that theory: *Estate of Miller v. Thrifty Rent-A-Car Sys.*, 637 F. Supp. 2d 1029, 1035 (M.D. Fla. 2009) (plaintiff abandoned theory that defendant was directly liable because plaintiff only argued vicarious liability in response to a motion for summary judgment). Presented with a motion for summary judgment on its counterclaim, TBW and Freddie Mac bore the burden of explaining how the claims asserted therein (which included theories under Insuring Clauses 5, 6, 9 and 11) had merit. They chose not to do so.

Even though Freddie Mac conceded Underwriters' motion for summary judgment and voluntarily waived its right to argue that the motion should be denied because TBW had a valid claim, Freddie Mac now argues that the judgment should be modified so that, after entry of judgment, it can assert an argument it knowingly waived.[4] It does so because from Underwriters' perspective, TBW's failure to document its alternative claims precludes Freddie Mac from asserting those claims (since Freddie Mac can only assert a claim if TBW fails to do so). Underwriters pled standing as an affirmative defense, disclosing to Freddie Mac that it did not have a right to pursue a claim under Insuring Clause 6 unless TBW failed to do so. (Dkt. 564, pg. 41). This principle is codified by the Bond, which provides:

> It is agreed that the insurance granted herein shall be for the exclusive benefit only of the Assured named herein, and that in no event, except with regard to Insuring Clause 6 as stated below, shall anyone other than the first named Assured have any right of action under this Bond.
> ***
> If the Assured makes a claim under Insuring Clause 6 whether before or after the Institution has made a claim, then the Institution's right to pursue such claim shall accrue only if the Assured fails to pursue such claim.

(Dkt. 628, Exh. 1, 2008 Primary Bond, pgs. 24-25 of 52).

---

[4] TBW's joinder presents no independent argument. TBW claims that it seeks to prevent mischief and collateral attacks, but never explains how an order resolving its claim could result in mischief or collateral attacks.

Freddie Mac has, therefore, known from the outset that absent reformation, its ability to recover depended upon TBW's right to recover and that a judgment against TBW would impact its alleged claim. Despite notice of this issue, Freddie Mac chose to ignore Underwriters' motion for summary judgment. Given that decision to concede the motion, Freddie Mac cannot now – after the entry of an adverse judgment – complain that the granting of that motion impacts its rights. *U.S. ex rel. Jones v. Westwind Group*, 417 F. Supp. 2d 1246, 1248 (N.D. Ala. 2006) ("An 'interested party' who has not intervened when he could have done so has no standing to file a Rule 59 motion after the entry of a final judgment even though it may adversely affect him.").

Neither Rule 59(e) nor Rule 60(b) permits a party to revive a waived argument after the court enters an adverse judgment. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996). It cannot, however, "be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). "[A]ny arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt.*, Inc., 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). A party "cannot use a Rule 59(e) motion to . . . raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998).[5]

---

[5] Freddie Mac cites several cases discussing the standard for motions for reconsideration and motions to amend pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (Dkt. 826, pg. 4). However, none of these cases support Freddie Mac's argument that it can revive another party's claims which that party did not prosecute.

The Eleventh Circuit, in *Stone*, rejected a plaintiff's attempt to revive claims that, in the face of a motion for summary judgment, it consciously chose not to assert. In that case, the parties litigated a claim under Florida law. After losing, the plaintiff argued that the court should amend its judgment because it could pursue a claim under Virginia law. Affirming judgment for the defendant, the Eleventh Circuit held that the plaintiff could not use a Rule 59 motion to assert new claims and new arguments.

> And it was no abuse of discretion for the district court later to deny the Rule 59(e) motion after the case's dismissal. The Rule 59 motion claimed, among other things, that the choice of law to be applied to this cause of action was Virginia law. But, as far as the record shows, possible application of Virginia law was not specifically raised until the Rule 59 motion was filed. At all pertinent times before the order of dismissal, the district court was asked to look at Florida law. Therefore, when it was time to raise a dispute about choice of laws, there seems to have been no controversy about what state's law applied: Florida law. ***The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed***.

*Id.*, 135 F.3d at 1440.

The Eleventh Circuit forbids parties from raising new arguments on a motion for reconsideration because it "essentially affords a litigant 'two bites of the apple.'" *American Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985); *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("a motion to reconsider should not be used by the parties to set forth new theories of law"). As such, the Eleventh Circuit has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1292 (11th Cir. 2001).

That applies to anyone with notice of the motion. In *Acquacal v. Hermann Warehouse*, No. 8:05-mc-69, 2005 U.S. Dist. LEXIS 35224, at *4 (M.D. Fla., Oct. 25, 2005), an intervening party, pursuant to FRCP 60(b), sought to amend a ruling on personal jurisdiction. That party,

however, did not oppose the original motion and, thus, "waived any objections it may have brought by not properly and timely raising them prior to the entry of the Amended Order." *Id.*

Freddie Mac offers no viable explanation why, given that it has been a party to this litigation and was served with Underwriters' motion and TBW's response brief, it did not timely respond to Underwriters' motion and timely argue that TBW could pursue an alternative theory of recovery. Having knowingly waived any response to Underwriters' motion and knowingly waived its right to assert that TBW could assert alternative claims, Freddie Mac cannot now complain about the dismissal of claims neither it nor TBW pursued in response to a motion for summary judgment.

"When evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003). In this case, Freddie Mac knew that TBW had failed to prosecute claims under Insuring Clauses 5, 6, 9 and 11, but made no effort to argue that TBW had viable claims thereunder or that those claims presented a viable basis for denying Underwriters' motion for summary judgment. Having waived its right to brief Underwriters' motion, Freddie Mac cannot now use a motion to reconsider as the vehicle to assert new arguments and new claims.

## CONCLUSION

Underwriters respectfully request that this Court enter an Order denying Freddie Mac's Motion to Amend the Orders and Judgments Dismissing TBW's Counterclaim and for TBW's joinder therein, and for any relief this Court deems necessary and proper.

DATED:  March 19, 2015

Respectfully submitted,

  /s/ Denise D. Dell-Powell_____
Denise D. Dell-Powell, Esq.
Florida Bar Number:  0890472
Burr & Forman, LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida  32801
Telephone: (407) 244-0888
Facsimile: (407) 740-7063
Email:  ddpowell@burr.com

And

Scott L. Schmookler, Esq.
Randall I. Marmor, Esq.
Craig A. Jacobson, Esq.
Gordon & Rees, LLP
One N. Franklin Street, Suite 800
Chicago, IL 60606
Telephone:  (312) 565-1400
Facsimile:  (312) 565-6511

**ATTORNEYS FOR THE UNDERWRITERS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 19, 2015, a true and correct copy of the foregoing Response in Opposition to Freddie Mac's Motion to Amend the Orders and Judgments Dismissing TBW's Counterclaim was filed and served via the Court's ECF/Electronic Filing System.

*/s/ Denise D. Dell-Powell*
Denise D. Dell-Powell